**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ADAM KOROLL, ERIN KOROLL and CYNTHIA KOROLL, | ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, American Family Mutual Insurance Company ("American Family"), by and through its attorneys, Patti M. Deuel, Scott Wing and David I. Walters of Leahy, Eisenberg & Fraenkel, Ltd., pursuant to 28 USC, §§2201 and 2202 and for its complaint for declaratory judgment against Defendants, Adam Koroll, Erin Koroll and Cynthia Koroll, states as follows:

**PARTIES**

1. Plaintiff, American Family, is a Wisconsin mutual company with its principal place of business in Madison, Wisconsin.

2. Adam Koroll is a resident of South Beloit, Illinois and is an insured under the American Family policy to be further described herein.

3. Erin Koroll is a resident of South Beloit, Illinois and is an insured under the American Family policy to be further described herein.

4. Upon information and belief, Cynthia Koroll is a resident of Rockford, Illinois and is a necessary and interested party herein.

1

## JURISDICTION

5. The jurisdiction of this court is premised upon 28 USC, §1332 and that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## VENUE

6. Venue is premised upon 28 USC, §1391 in that a substantial part of the events giving rise to the underlying action occurred in this district and the parties also reside herein.

## THE KOROLL SUIT

7. In August, 2016, Cynthia Koroll filed suit in the Circuit Court for the Seventeenth Judicial Circuit, County of Winnebago under general number 2016 L 245 against Adam Koroll for assault, battery and unlawful restraint. Erin Koroll was joined as a respondent in discovery. Generally, the complaint alleges that on December 3 and 4, 2015, Adam and Erin Koroll lived at 15579 Bryden Drive, South Beloit, Illinois. On December 3, 2015, Cynthia Koroll was advised by Erin Koroll that Adam Koroll had arrived home in the late evening drunk, angry and threatening to "'end her'". According to the complaint, Cynthia Koroll proceeded to the residence of Adam Koroll at which time he physically pushed her to the floor, broke her finger and took possession of her cell phone. He then opened his gun safe, removed a gun and advised that if 911 was called, he would kill Cynthia Koroll and his family. Adam Koroll would not permit Cynthia Koroll to leave the residence and blocked the exit doorway. He also proceeded to punch Cynthia Koroll in her head at close range two times, as well as, placed his forearm against her throat to hold her down and then choked her.

Count I of the Complaint alleges an assault in that Adam Koroll placed Cynthia Koroll in reasonable apprehension of receiving a battery based on his conduct on the dates of December 3

and 4, 2015. The complaint alleges that Adam Koroll committed the offense of assault by withdrawing a loaded weapon from a gun safe in view of the plaintiff, stating that he would kill her, by stating that he would shoot her if she tried to escape and by aggressively interacting with her during the time the plaintiff was permitted access to the residence. Cynthia Koroll alleges that as a result of the defendant's wrongful conduct, she suffered physical injuries, emotional trauma and the inability to perform work duties which caused a loss of income.

Count II of the complaint alleges a battery by virtue of Adam Koroll's unwarranted physical contact with Cynthia Koroll when he punched her in the forehead, pushed her to the ground, broke her finger and placed his forearm against her throat, choking her. The same damages as alleged in Count I are also pled herein.

Count III of the complaint alleges an unlawful restraint by Adam Koroll in not allowing Cynthia Koroll to leave the residence and by stating that he would shoot her if she attempted to leave. (A copy of said Complaint is attached hereto as Exhibit "A").

## AMERICAN FAMILY POLICY

8. On or about August 29, 2015, American Family issued to Adam and Erin Koroll, a homeowners policy number 12-B20481-01 for a period commencing on August 29, 2015 and expiring on August 29, 2016. The policy was subject to the terms, limitations, exclusions, conditions and agreements as recited therein. (A copy of said policy is attached hereto as Exhibit "B").

9. That the Insuring Agreement under Coverage D – Personal Liability coverage provided, in relevant part, as follows:

COVERAGE D – PERSONAL LIABILITY COVERAGE

3

> We will pay, up to our limit, compensatory damages for which any insured is legally liable because of bodily injury or property damage caused by an occurrence covered by this policy.
>
> Defense Provision.
> If a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice. We will defend any suit or settle any claim for damages payable under this policy as we think proper.
> If a suit involves both compensatory and punitive or exemplary damages we will defend the compensatory damages. We will not defend the punitive or exemplary damage portion of the suit.

10. That the term "occurrence" is defined by the policy as:

    > "9. 'Occurrence' means an accident, including exposure to conditions, which results during the policy period, in:
    >
    >    a. 'bodily injury'; or
    >
    >    b. 'property damage'.
    >
    > Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one 'occurrence'.

11. That the Koroll complaint which alleges assault, battery and unlawful restraint does not plead damages caused by an accident. Accordingly, the allegations of the Koroll complaint do not meet the definition of an 'occurrence' as required by the terms of the Insuring Agreement and hence, no coverage is afforded to Adam Koroll.

12. An actual controversy exists between American Family and the defendants herein, and the court is requested to declare the rights and liabilities of the parties heretofore, under the terms and provisions of the American Family policy of insurance and to adjudicate the final rights of all parties hereto regarding said policy and to give other further relief as necessary to enforce same.

WHEREFORE, Plaintiff, American Family Mutual Insurance Company, prays that this Honorable Court enters a declaratory judgment, finding and determining:

 a. That the complaint filed by Koroll does not seek damages caused by an occurrence under the identified policy of insurance;

 b. That American Family, under said identified policy of insurance in no way, manner or form, affords coverage nor protects Adam Koroll in the action brought by Cynthia Koroll;

 c. Such other further relief as the court deems just and proper.

## COUNT II – In the Alternative

1-12. American Family adopts and realleges Paragraphs 1 through 12 of Count I as paragraphs 1 through 12 of Count II as if the same were here again fully set forth.

13. That by endorsement, a number of exclusions were added to Coverage D – Personal Liability including an exclusion for "Sexual Molestation or Conduct, Corporal Punishment, Physical or Mental Abuse" which provides:

> "We will not cover 'bodily injury' or 'property damage' arising out of or resulting from sexual molestation or misconduct, corporal punishment, physical or mental abuse.
> 
>  a. This includes any actual or alleged:
> 
>   \* \* \*
> 
>   (3) physical or mental abuse resulting from acts or omissions of any insured.
> 
>  b. This exclusion applies regardless of:
> 
>   (1) intent to cause injury; or
> 
>   (2) the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy."

14. That the allegations of assault, battery and unlawful restraint involve physical abuse by Adam Koroll within the scope of the physical abuse exclusion. That by virtue of the physical abuse exclusion above, no coverage is afforded to Adam Koroll for the claims of Cynthia Koroll.

5

WHEREFORE, Plaintiff, American Family Mutual Insurance Company, prays that this Honorable Court enters a declaratory judgment, finding and determining:

    a.    That the allegations of the underlying complaint brought by Cynthia Koroll fall within the terms of the physical abuse exclusion of the identified policy of insurance;

    b.    That American Family, under said identified policy of insurance in no way, manner or form, affords coverage nor protects Adam Koroll in the action brought by Cynthia Koroll;

    c.    Such other further relief as the court deems just and proper.

## COUNT III – In the Alternative

1-14.    American Family adopts and realleges Paragraphs 1 through 14 of Count II as paragraphs 1 through 14 of Count III as if the same were here again fully set forth.

15.    That by endorsement to the policy, a number of exclusions were added to Coverage D – Personal Liability including the "Expected or Intended" exclusion which provides:

> "We will not cover 'bodily injury' or 'property damage' arising out of an expected or intended act or omission.
>
>     a.    This includes any type of 'bodily injury' or 'property damage' that an insured:
>
>         (1)    intends, or
>
>         (2)    may expect to result from any intentional act or omission.
>
>     b.    This exclusion applies even if the bodily injury or property damage is:
>
>         (1)    of a different kind, quality or degree than intended;
>
>         (2)    to a different person or property than intended;
>
>         (3)    the result of a willful and malicious act, no matter at whom the act was directed;
>
>         (4)    unexpected or unforeseen by the person injured or the owner of the property damaged; or
>
>         (5)    sustained regardless of whether an insured:
>
>             (a)    is under the influence of alcohol or any controlled substance;

  (b) lacks the mental capacity to govern his or her conduct; or

  (c) is deemed not to have had the mental capacity to form the legal intent to commit the act or omission.

 c. This exclusion applies regardless of the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy."

16. That the allegations of the Koroll complaint for assault, battery and unlawful restraint fall within the scope of the Expected or Intended injury exclusion of the policy. That by virtue of the Expected or Intended exclusion as set forth above, no coverage is afforded to Adam Koroll with respect to the claims of Cynthia Koroll.

WHEREFORE, Plaintiff, American Family Mutual Insurance Company, prays that this Honorable Court enters a declaratory judgment, finding and determining:

 a. That the allegations of the underlying complaint brought by Cynthia Koroll fall within the terms of the expected or intended injury exclusion of the identified policy of insurance;

 b. That American Family, under said identified policy of insurance in no way, manner or form, affords coverage nor protects Adam Koroll in the action brought by Cynthia Koroll;

 c. Such other further relief as the court deems just and proper.

## COUNT IV

1-16. American Family adopts and realleges Paragraphs 1 through 16 of Count III as paragraphs 1 through 16 of Count IV as if the same were here again fully set forth.

17. That Erin Koroll has been named in the lawsuit filed by Cynthia Koroll as a respondent in discovery. As no relief has been sought against her, the allegations do not fall within the scope of the Insuring Agreement as pled herein in paragraph 9. Accordingly, as there is no claim for damages being made against Erin Koroll which are covered by the identified policy of insurance, no coverage is afforded.

WHEREFORE, Plaintiff, American Family Mutual Insurance Company, prays that this Honorable Court enters a declaratory judgment, finding and determining:

a. That the complaint filed by Cynthia Koroll against Erin Koroll does not seek damages under the identified policy of insurance;

b. That American Family, under said identified policy of insurance in no way, manner or form, affords coverage nor protects Erin Koroll in the action brought by Cynthia Koroll;

c. Such other further relief as the court deems just and proper.

Respectfully submitted,

**LEAHY, EISENBERG & FRAENKEL, LTD.**

BY: */w/ Patti M. Deuel*
      Attorneys for American Family Mutual Ins. Co.

**LEAHY, EISENBERG & FRAENKEL, LTD.**
Patti M. Deuel (Email: pmd@lefltd.com)
Scott Wing (Email: sw@lefltd.com)
David I. Walters (Email diw@lefltd.com)
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
PH: 312-368-4554
FAX: 312-368-4562
ARDC #6191074
\\lefpl\Prolaw Files\Documents\AMERICAN FAMILY INSURANCE\17484\PLEADINGS\346354.docx