STATE OF ILLINOIS
IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

FILED
Date: 8/24/16
Thomas A. Klein
Clerk of the Circuit Court
By_____ Deputy

CYNTHIA KOROLL, )
)
    Plaintiff, )
)
vs. ) Case No. 2016 L 245
)
ADAM KOROLL )
)
    Defendant, )
)
ERIN KOROLL )
)
    Respondent in Discovery )

## COMPLAINT FOR ASSAULT, BATTERY and UNLAWFUL RESTRAINT

NOW COMES the Plaintiff, CYNTHIA KOROLL, pro se, and complaining of the Defendant ADAM KOROLL, states as follows:

### COMMON FACTS

1. That at all times herein relevant, the Plaintiff CYNTHIA KOROLL was a resident of South Beloit, Winnebago County, Illinois.

2. That at all times herein relevant, the Defendant ADAM KOROLL was a resident of South Beloit, Winnebago County, Illinois..

3. The incidents complaint of occurred in Winnebago County, Illinois.

4. On December 3, 2015, Defendant ADAM KOROLL was a resident at 15579 Bryden Drive, South Beloit, Illinois 61068..

5. On December 4, 2015, Defendant ADAM KOROLL was a resident at 15579 Bryden Drive, South Beloit, Illinois 61068.

EXHIBIT A

6. On December 3, 2015, Plaintiff CYNTHIA KOROLL was a resident at 15606 Bryden Drive, South Beloit, Illinois 61068.

7. On December 4, 2015, Plaintiff CYNTHIA KOROLL was a resident at 15606 Bryden Drive, South Beloit, Illinois 61068.

8. On December 3, 2015, CYNTHIA KOROLL was advised by ERIN KOROLL that the Defendant ADAM KOROLL had arrived home in the late evening drunk and angry and was threatening to "end her".

9. On December 3, 2015, CYNTHIA KOROLL asked ERIN KOROLL if she wanted her to "come over". ERIN KOROLL stated "yes".

10. CYNTHIA KOROLL proceeding to go across the street to the residence of ADAM KOROLL.

11. The Defendant, ADAM KOROLL, permitted CYNTHIA KOROLL access to the home.

12. CYNTHIA KOROLL went to the bedroom and found ERIN KOROLL in emotional distress.

13. CYNTHIA KOROLL suggested that 911 be called.

14. At that time, Defendant, ADAM KOROLL, physically pushed CYNTHIA KOROLL to the floor of the bedroom breaking her finger and took possession of her cell phone.

15. Defendant, ADAM KOROLL, proceeded to then open his gun safe in the dresser in the bedroom and removed a gun and advised that the gun was in fact fully loaded and stated that if 911 was called that he would kill the Plaintiff, CYNTHIA KOROLL and his family.

16. Defendant, ADAM KOROLL, then stated that he would also kill police and

himself.

17. Defendant, ADAM KOROLL, placed the gun in a holster around his waist.

18. Defendant, ADAM KOROLL, would not permit CYNTHIA KOROLL to leave the residence and blocked the exit doorway.

19. On numerous occasions ADAM KOROLL took the loaded gun from the holster and was holding it in his hand.

20. CYNTHIA KOROLL suggested to ADAM KOROLL that he sleep off the effects of the alcohol that he had consumed.

21. Defendant, ADAM KOROLL, then proceeded to punch CYNTHIA KOROLL in her head at close range, two times.

22. CYNTHIA KOROLL screamed for help and attempted to gain access to the second story window of the home in order to escape to alert neighbors.

23. Defendant, ADAM KOROLL, placed his forearm against the throat of CYNTHIA KOROLL to hold her down and then and began choking her.

24. Defendant, ADAM KOROLL, then began giving detailed comments about how he would kill the entire family and how he would shoot any police that showed up at the residence.

25. Defendant, ADAM KOROLL, stated that if CYNTHIA KOROLL escaped that he would use his "scope" on his rifle and he would shoot her in her yard.

26. Defendant, ADAM KOROLL, stated that he would only let CYNTHIA KOROLL leave if ERIN KOROLL escorted him to the basement to the other gun safe to get his other weapons.

27. Defendant, ADAM KOROLL, stated that the children, aged 3 and 14 months, were not allowed to leave the home with CYNTHIA KOROLL.

28. Defendant, ADAM KOROLL, then unloaded all but one bullet in his 17 round magazine in his gun and advised that he was going to sleep and that if 911 were called he would use the remaining bullet to kill himself.

29. Defendant, ADAM KOROLL, then proceeded to fall asleep with his weapon on the bed.

30. At that time, CYNTHIA KOROLL, exited the residence with the Defendant's wife and children.

### COUNT I - ASSAULT 720 ILCS 5/12-1

NOW COMES the Plaintiff, CYNTHIA KOROLL, pro se and complaining of the Defendant ADAM KOROLL, states as follows:

1-30. Plaintiff realleges paragraphs 1-30 of Common Facts as paragraphs 1-30 of this Count I as though fully set forth verbatim herein.

31. A person commits an assault when, without lawful authority, knowingly engages in conduct that places another person in a reasonable apprehension of receiving a battery.

32. Defendant, ADAM KOROLL, placed the Plaintiff, CYNTHIA KOROLL, in reasonable apprehension of receiving a battery based on his conduct on the dates of December 3, 2015 and December 4, 2015 while the Plaintiff was lawfully at 15579 Bryden Drive, South Beloit, Illinois.

33. Defendant, ADAM KOROLL, committed the offense of assault on the Plaintiff CYNTHIA KOROLLL in the following ways:

a. by withdrawing a loaded weapon from a gun safe in view of the Plaintiff;

b. by stating that he would kill the Plaintiff;

c. by stating that he would shoot the Plaintiff if she escaped;

d. by aggressively interacting with the Plaintiff during the time the Plaintiff was permitted access to Defendant's residence by the Defendant himself.

34. At no time did the Plaintiff consent to any of the acts of Defendant alleged above.

35. That as a direct and proximate result of the foregoing assault, Plaintiff CYNTHIA KOROLL suffered at the time and continues to suffer from personal injuries including but not necessarily limited to: bruised forehead, broken finger, emotional trauma, inability to perform work duties which resulted in loss of clients, loss of income and became liable for large sums of money for medical expenses treating aforementioned injuries both physical and mental in nature in endeavoring to be cured and healed of her injuries.

WHEREFORE, the Plaintiff, CYNTHIA KOROLL prays this Court for judgment against the Defendant, ADAM KOROLL, in a sum in excess of $50,000.00, plus interest and costs of suit.

## COUNT II - BATTERY 720 ILCS 5/12-3

NOW COMES the Plaintiff, CYNTHIA KOROLL, pro se and complaining of the Defendant ADAM KOROLL, states as follows:

1-30. Plaintiff realleges paragraphs 1-30 of Common Facts as paragraphs 1-30 of this

Count II as though fully set forth verbatim herein.

31. A person commits a battery if they knowingly without legal justification by any means causes bodily harm to an individual or makes physical contact of an insulting or provoking nature with an individual.

32. Defendant, ADAM KOROLL, committed a battery on the Plaintiff, CYNTHIA KOROLL when he made unwarranted physical contact with the Plaintiff, CYNTHIA KOROLL on the dates of December 3, 2015 and December 4, 2015 while the Plaintiff was lawfully at 15579 Bryden Drive, South Beloit, Illinois, which resulted in injury to the Plaintiff.

33. Defendant, ADAM KOROLL, committed the offense of battery on the Plaintiff CYNTHIA KOROLLL in the following ways:

   a. punching the forehead of CYNTHIA KOROLL twice;

   b. pushing CYNTHIA KOROLL to the floor breaking her finger; and

   c. placing his forearm against the throat of CYNTHIA KOROLL, choking her.

34. At no time did the Plaintiff consent to any of the acts of Defendant alleged above.

35. That as a direct and proximate result of the foregoing battery, Plaintiff CYNTHIA KOROLL suffered at the time and continues to suffer from personal injuries including but not necessarily limited to: bruised forehead, broken finger, emotional trauma, inability to perform work duties which resulted in loss of clients, loss of income and became liable for large sums of money for medical expenses treating aforementioned injuries both physical and mental in nature in endeavoring to be cured and healed of her injuries.

WHEREFORE, the Plaintiff, CYNTHIA KOROLL prays this Court for judgment against

the Defendant, ADAM KOROLL, in a sum in excess of $50,000.00, plus interest and costs of suit.

## COUNT III - UNLAWFUL RESTRAINT 720 ILCS 5/10-3

NOW COMES the Plaintiff, CYNTHIA KOROLL, pro se and complaining of the Defendant ADAM KOROLL, states as follows:

1-30. Plaintiff realleges paragraphs 1-30 of Common Facts as paragraphs 1-30 of this Count III as though fully set forth verbatim herein.

31. A person commits the offense of unlawful restraint when they knowingly without legal authority detains another.

32. Defendant, ADAM KOROLL, committed the act of unlawful restraint against the Plaintiff, CYNTHIA KOROLL on the dates of December 3, 2015 and December 4, 2015 while the Plaintiff was lawfully at 15579 Bryden Drive, South Beloit, Illinois.

33. Defendant, ADAM KOROLL, committed the offense of unlawful restraint on the Plaintiff CYNTHIA KOROLLL in the following ways:

    a. by not allowing CYNTHIA KOROLL to leave the residence at 15579 Bryden Drive on December 3, 2015 and December 4, 2015;

    b. by stating the he would shoot CYNTHIA KOROLL if she attempted to leave the residence;

34. At no time did the Plaintiff consent to any of the acts of Defendant alleged above.

35. That as a direct and proximate result of the foregoing unlawful restraint, Plaintiff CYNTHIA KOROLL suffered at the time and continues to suffer from personal injuries including but not necessarily limited to: bruised forehead, broken finger, emotional trauma,

inability to perform work duties which resulted in loss of clients, loss of income and became liable for large sums of money for medical expenses treating aforementioned injuries both physical and mental in nature in endeavoring to be cured and healed of her injuries.

WHEREFORE, the Plaintiff, CYNTHIA KOROLL prays this Court for judgment against the Defendant, ADAM KOROLL, in a sum in excess of $50,000.00, plus interest and costs of suit.

## RESPONDENTS IN DISCOVERY

FURTHER, Plaintiff names as a Respondent in Discovery, ERIN KOROLL, who has information essential to the determination of who, in addition to the Defendants named herein, should properly named as additional Defendant(s) in this cause of action pursuant to 735 5/2-402, which states, in part, as follows:

Persons so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as the Defendants and may, on motion of the Plaintiff, be added as Defendants if the evidence discloses the existence of probable cause for such action.

BY: _____
CYNTHIA KOROLL

Cynthia Koroll, pro se
630 N. Church Street
Suite 202
Rockford, IL 61103
Tel: 815-316-7554
Fax: 779-423-2332